H. BRUNHILD & BRO. v. J. H. & W. E. FREEMAN.

*Evidence—Record of Justice's Court.*

The record of a former action in a justice's court between the same parties in respect of the same subject matter, is competent evidence upon the trial on appeal in the superior court.

CIVIL ACTION tried at June Special Term, 1878, of NEW HANOVER Superior Court, before *Eure, J.*

The facts are fully stated in same case reported in 77 N. C., 128, and 78 N. C., 67, and those material to the point discussed and determined upon this appeal, are embodied in the opinion delivered by Mr. Justice DILLARD. Judgment for defendants, appeal by plaintiffs.

*Messrs. A. T. & J. London,* for plaintiffs.
*Mr. D. L. Russell,* for defendants.

DILLARD, J. The defendants executed to the plaintiffs four notes of $100 each and delivered them together, and on the same consideration, falling due at three, six, nine, and twelve months respectively. On the maturity of the first one, the same was put in suit and prosecuted to judgment, and when the other three notes became due, actions were severally brought on them in a justice's court, which were defended on the ground that they were never delivered and were obtained by fraud, and for an alleged failure or want of consideration; and from judgments rendered thereon, the defendants appealed to the superior court. At the trial, the three appeals were consolidated and brought on to be tried as one case, and the plaintiffs offered to show forth in evidence the record of the recovery in the action on the first note, with an averment that the same points and matters of defence had been urged and adjudged therein as were insisted on in the case then on trial, and on objection the evidence was rejected by the court, to which ruling plaintiffs excepted.

It is well settled law that a verdict and judgment, as to all the facts and matters of law found and adjudged therein, concludes parties and privies and is a bar to any denial or further litigation thereof on the same cause of action, so long as the judgment remains unreversed and in force.

And it is also a rule, that in any subsequent action between the same parties on a different part of the transaction litigated in the first action, the judgment in the prior action may be used as an estoppel, or as evidence, as to the matters and defences set up in the second action which were passed on and determined in the first action. Bigelow on Estoppel, 35, 43; 2 Wharton's Law of Ev., § 765; *Gardner* v. *Buckbee,* 3 Cowen, 120; *Cromwell* v. *County of Sac,* 4 Otto, 351.

Now the question for our determination is as to the error or freedom from error, of the ruling of the judge below in the matter of rejecting the proposed record evidence; and considered in the light of these principles and the authorities cited, it is not difficult to come to a conclusion in regard thereto. It appears that no reply of former judgment was put in by the plaintiffs as an estoppel, but the case in the superior court stood on the defences of non-delivery of the notes, fraud in obtaining them and failure of consideration, and the issues thereon made by statute; and in the course of the trial, issues were submitted to the jury as to the existence or non-existence of consideration for the notes in suit, and the plaintiffs in support of their allegation of consideration and in disproof of defendants' allegation of a failure of it, offered to read in evidence to the jury the record of their recovery against defendants on the first of the four $100 notes, which was rejected as before stated. If the proposed evidence had been received and such parol testimony admitted as might be necessary to show the identity of the matter relied on and contested therein with the defences insisted on in the case on trial, then in case such identity appeared, a question would have arisen as to the effect of the record evidence adduced, and it would have become the duty of the court to declare the operation thereof, and to say whether the same was conclusive and admitted of no proof to the contrary, or was only evidence as on an open question of fact to be weighed by the jury in connection with other testimony in the cause.

We do not mean to express any opinion as to the effect of the evidence, if the same had been received, but merely to decide that its rejection hindered the plaintiffs from developing their case, and disabled them to raise the question of the effect of the alleged adjudication in the first action on the points and matters of defence insisted on in this action.

In our opinion the record of the former action between the parties should have been admitted in evidence to the jury, and the rejection thereof by the judge was error.

Error.                              Reversed and *venire de novo.*